UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 17-CR-20701-COOKE

UNITED STATES OF AMERICA

v.

LEONARDO MIGUEL GARCIA MORALES,

    Defendant.
_____/

### DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

COMES NOW Defendant LEONARDO MIGUEL GARCIA MORALES ("Mr. Morales"), through counsel, and hereby moves this Court to order that the Government submit a bill of particulars as to Counts One (1) and Two (2) of the indictment specifying the acts the Defendant conspired to commit and states in support the following:

### *Background & Counts 1 & 2 of the Indictment*

1. In Count 1 of the Indictment, Mr. Morales and four (4) co-defendants, are charged with conspiracy to commit Hobbs Act robberies in violation of 18 USC § 1951(a), (b)(1) & (b)(3). In Count 2, Mr. Morales and four (4) co-defendants are charged with conspiracy to possess with intent to distribute 500 grams or more of cocaine and a

detectable amount of marijuana in violation of 21 USC §§ 841(a)(1), 846.[1]

2. Both conspiracy counts charge a conspiracy period from on or about September 30, 2012 to on or about June 4, 2014 which is a little less than two-years.

3. An important fact for the Court's consideration is that on or about September 30, 2012, Mr. Morales was shot several times causing him to become a quadriplegic.  This event is charged in count 3.

4. The Government has made the Defense aware that it believes the conspiracy activities of the Defendants include "robberies, kidnappings, extortions, drug distribution, and money laundering". *See* D.E. 46.[2]

5. With regard to robbery/kidnapping activities, the Government maintains that the activities include "documented" and

---

[1] Mr. Morales is also substantively charged in Count 3 for attempted Hobbs Act robbery on September 30, 2012, and in Count 4 for brandishing a firearm in furtherance of a crime of violence relating to the September 30, 2012 robbery.  He is also charged in Count 7 with attempted possession of a controlled substance with the intent to distribute (cocaine) on or about August 28, 2013.  While the indictment includes other substantive counts relating to other Co-Defendants, Mr. Morales is not charged in them.

[2] D.E. 46 is a government pleading titled "Government's Amended Notice of Intent to Use Direct, Inextricably Intertwined and Rule 404(b) Evidence".

"*undocumented*" (emphasis added) robberies and kidnappings including (but apparently not limited to) a September 30, 2012 attempted robbery (charged in count 3), a October 12, 2012 gold courier robbery (charged in Count 5), and a March 25, 2015 kidnapping and ransom venture (charged in the Southern District of Florida under court case number 15-20169-Martinez).  *Id*.

6. With regard to the drug trafficking activities, the Government maintains that the activities include "documented" and "*undocumented*" (emphasis added) events including an August 28, 2013 cocaine trafficking event (charged in Count 7), a May 28, 2014 cocaine trafficking event (charged in Count 8), a June 4, 2014 cocaine trafficking event (charged in Count 9), and, as to Defendant Raonel Valdez-Valhuerdis, for possessing a place for the manufacture or trafficking of a controlled substance (prosecuted in state court under court case number F12-11653).  *Id*.

### *Deficiencies in Conspiracy Counts 1 & 2*

7. While the Government's disclosure sheds some light on the conspiracy counts, it does not do enough to cure the deficiencies of those counts.  The conspiracy counts remain deficient because:

    a. it still is unclear whether the Government will attempt to prove that Mr. Garcia was a co-conspirator in the listed documented robbery/kidnapping and drug trafficking events (especially since he was rendered a quadriplegic at the beginning of the alleged conspiracy); and

    b. the Government has failed to identify the undocumented robbery/kidnapping and drug trafficking events and whether Mr. Garcia is associated with the undocumented events.

### *Argument and Memorandum of Law*

8. Mr. Morales has been a quadriplegic since September 30, 2012. His ability to do anything let alone conspire to commit robberies, kidnappings, and drug trafficking is *per se* suspect.

9. The purpose of a bill of particulars is threefold: "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1986). While this Court "is vested with broad discretion in deciding whether a bill of particulars should be

granted[,]" *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985), "'where an indictment fails to set forth specific facts in support of requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request ... may constitute reversible error.'" *Id.* (quoting *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978)).

10. "A request for bill of particulars is … befitting in those instances where defendant seeks further clarity and precision with regard to the charges that he is facing in order to adequately prepare a defense." *United States v. Hassoun*, 477 F.Supp.2d 1210, 1227-1228 (S.D. Fla. 2007). A bill of particulars has been described as "the one method open to a defendant in a criminal case to secure the details of the charge against him." 1 Wright, Federal Practice and Procedure, Criminal 2d, § 129. The use of a bill of particulars to inform a defendant of just what facts, assertions and occasions he must be prepared to meet is "entirely consonant with the growing realization that disclosure, rather than suppression of relevant materials, ordinarily promotes the proper administration of criminal justice." *Dennis v. United States*, 384 U.S. 855, 970 (1966).

11. The fundamental and constitutionally required function that a bill of particulars serves is to inform a defendant of the charges so distinctly and specifically that he or she is clearly advised of what has to be met and therefore has a fair and reasonable opportunity to prepare the defense. *See Fontana v. United States*, 262 F. 283 (8th Cir. 1919).

12. Here, the Defense still does not know whether Count 1 alleges that Mr. Morales is a co-conspirator in all the "documented" robberies and kidnappings. Furthermore, the Defense does not know what the "undocumented" robberies and kidnappings are about.

13. Similarly, the Defense does not know whether Count 2 alleges that Mr. Morales is a co-conspirator in all the "documented" drug trafficking events and has no clue as to what the "undocumented activities" are about.

14. The Defense requests this Court to order the Government to allege with particularity:

    a. Each robbery/kidnapping that Mr. Morales is alleged to have been a co-conspirator regardless of whether it is "documented" or "undocumented"; and

    b. Each drug trafficking event that Mr. Morales is alleged to have been a co-conspirator regardless of whether it is "documented" or "undocumented".

15. The Government opposes this motion.

## *Conclusion*

16. Counts 1 and 2 are ambiguous. Granting this request will sufficiently inform Mr. Morales of the charges against him with sufficient precision to allow him to prepare a defense to both conspiracy counts, minimize surprise at trial, and enable him to plead double jeopardy in the event of a later conspiracy prosecution.

WHEREFORE, the Defendant respectfully requests that this Court GRANT this motion for a bill of particulars.

                        Respectfully submitted,

                    By: s/Deric Zacca
                          DERIC ZACCA, ESQUIRE
                          Fla. Bar No. 0151378

                          Deric Zacca, P.A.
                          110 Tower
                          110 SE 6th Street, Suite 1700
                          Fort Lauderdale, Florida 33301
                          Telephone: (954) 450-4848
                          Facsimile: (954) 450-4204

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 14th day of February 2018, a true and correct copy of the foregoing was uploaded via the CM / ECF case filing system and thereby delivered to all parties and counsel of record.

                     By:  s/Deric Zacca
                             DERIC ZACCA, ESQUIRE
                             Fla. Bar No. 0151378