UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 17-CR-20701-COOKE

UNITED STATES OF AMERICA

v.

LEONARDO MIGUEL GARCIA MORALES,

   Defendant.

_____/

### DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM USING CERTAIN INEXTRICABLY INTERTWINED AND 404(b) EVIDENCE LISTED IN ITS SUPPLEMENTAL NOTICE OF APRIL 17, 2018 [D.E. 97]

COMES NOW Defendant LEONARDO MIGUEL GARCIA MORALES, through counsel, and hereby moves *in limine* to preclude the Government from using certain inextricably intertwined and 404(b) evidence listed in the Government's April 17, 2018 Supplemental Notice of Intent to Use Direct, Inextricably Intertwined and Rule 404(b) Evidence [D.E. 97] and states:

### BACKGROUND

1. In Count 1 of the Indictment, Mr. Morales and four (4) co-defendants, are charged with conspiracy to commit Hobbs Act robberies in

violation of 18 USC § 1951(a), (b)(1) & (b)(3).[1]  In Count 2, Mr.

Morales and four (4) co-defendants are charged with conspiracy to

possess with intent to distribute 500 grams or more of cocaine and a

detectable amount of marijuana in violation of 21 USC §§ 841(a)(1),

846.[2]

2.  Both conspiracy counts charge a conspiracy period from on or about

September 30, 2012 to on or about June 4, 2014 which is a little less

than two-years.[3]

3.  On April 17, 2017, the Government filed a supplemental notice of

intent [D.E. 97] to introduce Rule 404(b) or "inextricably intertwined"

witness testimony that Mr. Morales and other "associates" were

---

[1] In discussions with the Government, the Government intends to prove that Mr. Morales conspired to commit Hobbs Act robberies that occurred at a home in the City of Miramar on September 30, 2012 and in the city of Coral Gables on October 12, 2012.

[2] Mr. Morales is also substantively charged in Count 3 for attempted Hobbs Act robbery on September 30, 2012, and in Count 4 for brandishing a firearm in furtherance of a crime of violence relating to the September 30, 2012 robbery.  He is also charged in Count 7 with attempted possession of a controlled substance with the intent to distribute (cocaine) on or about August 28, 2013.  In this Count, the Government alleges that Mr. Morales attempted to purchase cocaine from a law enforcement confidential informant in North Miami Beach in August of 2013. While the indictment includes other substantive counts relating to other Co-Defendants, Mr. Morales is not charged in them.

[3] As the Court knows, on or about September 30, 2012, Mr. Morales was shot several times causing him to become a quadriplegic.  This event is charged in count 3.

involved in an episode of "kidnapping, ransom and extortion" that allegedly took place in Cancun, Mexico in July 2010.

4.  As further argued below, this proposed evidence is not inextricably intertwined with the charged conspiracies or substantive offenses because the alleged 2010 kidnapping took place years before the indicted crimes and therefore cannot possibly be inextricably intertwined with them.

5.  Nor does this evidence help to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident as to Mr. Garcia Morales' alleged involvement in the indicted crimes.

## ARGUMENT

6.  It is within a district court's discretion to allow evidence of uncharged offenses under the theory that they are "inextricably intertwined" with the charged offense, and, therefore, proof of the charged crime itself.  *See generally United States v. Wells*, 995 F.2d 189 (11th Cir. 1993).

7.   Clearly, the offered "other act" evidence fails to satisfy the "inextricably intertwined" criterion.  The alleged 2010 kidnapping in

Cancun, Mexico cannot possibly constitute proof of any element of the indicted charges all of which relate to either robbery or drug trafficking activity that allegedly began in 2012.  Nothing in the Government's current charges against Mr. Morales involves or depends on a criminal activity involving kidnapping nor is there any element of the pending federal charges that involves or depends on criminal activities from as early as 2010.

8. Where "other act" evidence is not inextricably intertwined, but still necessary to establish motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident, it may be introduced under Rule 404(b) – *but only if the evidence's actual probative value outweighs its inherent prejudice.  See United States v. Abraham*, 386 F.3d 1033, 1035 (11th Cir. 2004).[4]

---

[4]   Rule 404(b), Fed. R. Evid., reads as follows:

> **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> **(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

(emphasis supplied)

9. Extrinsic evidence of other crimes, wrongs or bad acts is always prejudicial (especially with a sensational charge as international kidnapping) and naturally risks a conviction not based on direct evidence of the charged offense. *United States v. Baker*, 432 F.3d 1189, 1205 (11th Cir. 2005).

10. To mitigate this danger, federal courts focus on whether the proposed "other act" evidence is relevant to the question of "whether [the] Defendant committed the crimes with which he is charged in this Court." *United States v. White*, 2014 WL 4450097, 3 (M.D. Fla., Sept. 5, 2014); *see also United States v. Jeffries*, 692 F.3d 473, 482 (6th Cir. 2012).

11. It is hard to see how a kidnapping, occurring in Cancun, Mexico, over two years before the indicted charges, has any tendency to prove Mr. Garcia Morales' intent, motive, plan, knowledge, and/or absence of mistake in conspiring to commit Hobbs act robberies in South Florida in 2012 or conspiring to sell drugs in North Miami Beach, Florida in 2013. The evidence is simply prejudicial, prior bad act evidence that has zero tendency in proving the elements of the indicted crimes.

12.    The Court may also consider whether there is already enough

evidence of the charged offenses, without having to resort to

additional "other act" evidence. *See, e.g., United States v. Astling*, 733

F.2d 1446, 1456 (11th Cir. 1984) (quoting Advisory Committee Note

to Rule 404(b) ("The determination must be made whether the

danger of undue prejudice outweighs the probative value of the

evidence in view of the availability of other means of proof and other

factors appropriate for making decisions of this kind under Rule

403.")).

13.    The Government already has a considerable amount of strong

direct evidence of the Hobbs act robbery (he was found shot outside

the victim's home) and present at the scene of the attempted drug

purchase.

14.    The Government opposes this motion.

## CONCLUSION

15.        None of the Government's proposed extrinsic evidence has

any temporal or logical relation to the indicted crimes.  Likewise, the

kidnapping evidence fails to prove motive, opportunity, intent,

preparation, plan, knowledge, identity, absence of mistake, or lack of

accident as to Mr. Morales' alleged involvement in the indicted crimes.

WHEREFORE Mr. Morales respectfully requests that this Court GRANT this motion and preclude the Government from introducing any of the evidence proposed in the Government's *Supplemental Notice of Intent to use Direct, Inextricably Intertwined and Rule 404(b) Evidence* dated April 17, 2018 [D.E. 97].

Respectfully submitted,

By:  s/Deric Zacca
DERIC ZACCA, ESQUIRE
Fla. Bar No. 0151378

Deric Zacca, P.A.
110 Tower
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Telephone: (954) 450-4848
Facsimile: (954) 450-4204

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of September 2018 a true and correct copy of the foregoing was uploaded via the CM / ECF case filing system and thereby delivered to all parties and counsel of record.

By:  <u>s/Deric Zacca</u>
DERIC ZACCA, ESQUIRE
Fla. Bar No. 0151378