# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No: 17-CR-20701-COOKE/GRAHAM

UNITED STATES OF AMERICA

v.

LEONARDO MIGUEL GARCIA MORALES,

    Defendant.
_____/

## DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

COMES NOW the Defendant, LEONARDO MIGUEL GARCIA MORALES, through counsel, and hereby submits the following objections to the Presentence Investigation Report ("PSR") and states:

## OBJECTIONS

*Pretrial Release*

1. **Paragraphs 5, 6, 7, & 10**: Collectively, these paragraphs allege numerous incidences of insolent, threatening, and violent behavior at various long-term care facilities that the Defendant was at during the pendency of this case. This information was gathered from several reports from the facilities. The Defendant disputes the descriptions and characterizations of his behavior at the

facility. He maintains that he was mistreated by various staff members. He contacted the police to report improper treatment rendered by staff and made complaints against various staff members for improper treatment.

## Offense Conduct

2. **Paragraphs 12 through 22**: The Defendant makes a generalized objection to the allegations described in paragraphs 12 through 22. He went to trial and disputed the allegations in the indictment.[1] Particularly, he makes more specific objections to the following:

    a. October 12, 2012 Robbery – the jury specifically acquitted him of conspiring to commit the gold robbery. The jury only convicted him of conspiring to commit a marijuana robbery on September 30, 2012.

    b. Attempted possession with the intent to distribute cocaine in 2014 (Count 8 of the indictment) – the Defendant was never charged with this crime nor did the Government produce any trial evidence linking him to Count 8 of the indictment.

---

[1] The Defendant testified and admitted that he went to the Miramar home on September 30, 2012 for the purpose of brokering a marijuana transaction.

## *Obstruction of Justice*

3. **Paragraphs 24 -25**:  The Defendant objects to any obstruction enhancement.  The PSR says this adjustment is based on the testimony of Livan Ochil who testified about being "pressured" by the Defendant to not provide testimony implicating the Defendant in the Miramar Robbery, and that the Defendant harassed him with threatening phone calls.   The PSR fails, however, to include that Livan Ochil admitted that he lied numerous times to the FBI during two separate interviews with the FBI on two separate occasions.  He admitted to several lies during his interviews with the FBI and was in fear of being charged with a crime himself. During his third interview with the FBI, he stated that the Defendant "pressured" him and harassed him when he was told he could be charged with a crime himself for lying to the FBI. Therefore, his credibility is compromised, and this adjustment should not be assessed on such compromised, dubious testimony.

## *Offense Level Computation*

4. **Paragraphs 27, 32, 38-43, 50-54**:   The offense level computation is incorrect because it includes points for acquitted conduct.

5. The Defendant was acquitted of conspiring to commit the Coral Gables gold robbery and therefore no consideration should be given to that conduct when calculating his guideline score.

6. Additionally, the Defendant was acquitted of brandishing a firearm in furtherance of a crime of violence (Count 6). The Government sought and obtained a jury instruction that allowed the jury to convict the Defendant even if it found that he or anyone else involved in the Miramar home robbery brandished or possessed a firearm which the Defendant knew about it.  The jury considered the issue and rejected it when it acquitted the Defendant of Count 6 of the indictment.

7. If the Court sustains these objections then the Defendant's total offense level should be no more than 26.

### *Criminal History*

8. **Paragraphs 61, 62, 63:**   The Defense has ordered the court records underlying these purported convictions to confirm proper

guideline application but has not received them. In the abundance of caution, the Defense maintains objections to these convictions until certain information is confirmed.

## CORRECTIONS AND ADDITIONS TO THE PRESENTENCE INVESTIGATION REPORT

9. **Paragraph 79:** The Defendant's father committed suicide by overdosing on drugs in New York.

10. **Paragraph 82:** Acela Bello is the Defendant's maternal grandmother.

11. **Paragraph 84:** His relationship with Judith Hernandez Hernandez lasted more than three months.

12. **Paragraphs 85, 115:** The Defendant is unaware of any court order to pay child support.

13. **Paragraph 87:** The Defendant resided in Cuba until 2006.

WHEREFORE the Defendant hereby requests this Court to sustain the afore-mentioned objections and make the afore-mentioned corrections and additions to the PSR.

Respectfully submitted,

By: s/Deric Zacca
DERIC ZACCA, ESQUIRE

Fla. Bar No. 0151378

Deric Zacca, P.A.
110 Tower
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Telephone: (954) 450-4848
Facsimile: (954) 450-4204

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of March 2019 a true and correct copy of the foregoing was uploaded via the CM / ECF case filing system and thereby delivered to all parties and counsel of record.

By: s/Deric Zacca
DERIC ZACCA, ESQUIRE
Fla. Bar No. 0151378